GOELET *against* LANSING.

The 35th rule of this Court, which declares, that " no process shall be issued, or other proceeding had, on any final decree, until the same shall have been *enrolled*," does not, *it seems*, apply to *decretal sales* of mortgaged premises; but, at any rate, if the *enrolment*, which is matter of form, be, afterwards, made and perfected, it will have relation back to the time of the decree, and protect the intermediate sale.

*VAN VECHTEN*, for the defendant, moved to set aside a sale by the master, under a decree of foreclosure of a mortgage in this cause. The sale was on the 28th of *June* last; but the decree was not *enrolled*, signed and filed, until the 26th of *November* last, the knowledge of which fact did not reach the defendant until *December* last.

The motion was founded on the 35th rule of the Court, which declares, that " no process be issued, or other proceeding had on any final decree, until the same shall have been enrolled."

The final decree, and order of sale, were made on the first of *November*, 1820. The master's report of the sale was made on the 21st of *July*, 1821, in which he stated, that the sale was on the 28th of *June*, 1821; and the report was confirmed, unless cause was shown to the contrary, in eight days.

*Henry*, contra. He read an exemplified copy of an *agreement*, in this cause, signed by the solicitor for the defendant, dated *January* 31, 1821, by which the appeal filed in the cause was dismissed, with costs to the plaintiff, and a stipulation on the part of the defendant that no further appeal should be filed; and the plaintiff having consented to postpone the sale until after the 10th of *June*, 1821, it was further stipulated, on the part of the defend-

*March* 28*th*.

ant, " that no opposition should be made to such sale, but that the plaintiff should be at liberty to proceed peremptorily to such sale at any time after the said 10th of *June*, and that an order to that effect might be entered as of course." This stipulation was regularly made a rule of Court on the 17th of *February*, 1821.

THE CHANCELLOR. The 35th rule has in practice, as I have been informed, been applied only to process of execution *sub pede sigilli*, and not to decretal sales of mortgaged premises made without process of execution; and the special direction for the sale, in all such decrees, (and which was also contained in the decree in this case,) seems to have been considered as dispensing with so much of the 35th rule as requires a previous enrolment of the decree. The Court of Chancery in *England* will, on special application, grant an order for " a short writ of execution," without waiting for the enrolment. (*Newland's Pr.* 194.) The decrees for sale of mortgaged premises may be somewhat analogous to these short writs of execution; and there is certainly ground for doubt, whether the provision in the 35th rule is not, in such cases, superseded.

But if this be not so, (and it is not necessary, at present, to decide on this point,) yet the enrolment being now made and perfected, it will have relation back to the time of the decree, and protect the intermediate sale. The enrolment was mere matter of form ; and the doctrine of relation is benign and just, in its application in this case, since it tends to protect a fair sale, and the title of the purchaser, in favour of right, against a mere technical formality. The enrolment, said Lord *Camden*, (3 *Bro.* 643.) relates back to the time of the decree, *nunc pro tunc*, and it is the same thing as if it had been done at the time, to all intents and purposes. " It is very immaterial to any real purpose, for the parties have a right not only to carry the decree into execution, but to appeal to the House of Lords without it."

The attempt to set aside the sale is contrary to the spirit and equity of the agreement entered of record on the 17th of *February*, 1821. The defendant, by agreeing to the sale in *June*, and by stipulating to make no opposition to it, and to file no further appeal, and that the sale might proceed peremptorily, has certainly waived the benefit of any such formal objection to defeat it. It is somewhat extraordinary, that the defendant should, in consideration of time and delay afforded him, solemnly stipulate to make no opposition to the sale, and now, after he had obtained his time, attempt to set it aside, nine months after it had been made, upon the pretext that the decree had not been enrolled until after the sale. It is not a very equitable interpretation of his agreement.

Motion denied, with costs.